FILED
JANUARY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 342

JUDGE MAROVICH
MAGISTRATE JUDGE COX

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY L. PRICE, an Individual | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC., a New Jersey Corporation d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS | ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT AT LAW**

**COUNT I**
**(Breach of Written Contract)**

Now comes the Plaintiff, JERRY L. PRICE, (hereinafter referred to as "Plaintiff" or "Contractor") by and through his attorneys, Ronald L. Bell & Associates, P.C. and for complains against the Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, (hereinafter referred to as "Defendant" or "NJAFP") as follows:

**PARTIES**

1. Plaintiff JERRY L. PRICE is an Illinois resident, residing Buffalo Grove, Illinois.

2. Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC., is a New Jersey Non for Profit Corporation d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS having its principal place of business located in Trenton, New Jersey.

1

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds $75,000.00 and is between citizens of different states.

4. Venue is proper in this district under 28 U.S.C.A §1391(a)(2) and as a substantial part of the events or omissions giving rise to the claim occurred in Illinois.

5. That on or about May 4, 2005, Plaintiff and Defendant entered into a written contract for professional services whereby Plaintiff would provide direction, project administration, contacts and to help secure funding for NJAFP's continuing medical educational programs through NJAFP Med-QI. (See Letter of Agreement executed May 4, 2005, attached hereto as Exhibit A)

6. Under the terms of the contract, Defendant agreed to pay Plaintiff 10% (ten percent) of the gross amount of CME (Continuing Medical Education) project revenue for those projects administered by Contractor) and collected by NJAFP since the date of this agreement. Payment will be issued upon submission of an invoice by Contractor and receipt of all necessary completed documentation. (See Letter of Agreement executed May 4, 2005, attached hereto as Exhibit A)

7. Under the terms of the contract, Plaintiff was to be paid on the amounts received and not the contract total price.

8.  That between December 15, 2006 and March 2007, Plaintiff generated the following contracts for NJAFP:

   a. Merck & Co., Inc. for the project entitled Osteoarthritis, proposed in November 2006, with the contract signed January 12, 2007, for the program budget in the amount of $105,991.10.

   b. Merck & Co., Inc. for the project entitled Insomnia, proposed in November 2006, with the contract signed January 12, 2007, for the program budget in the amount of $108,158.00.

   c. Eli Lily & Co. for the project entitled Breast Cancer, proposed in November 2006, with the contract signed in February 2007, for the program budget in the amount of $350,000.00.

   d. University of North Texas Health Science Center for the project entitled Depression, proposed on January 25, 2007, with the contract signed March 2007, for the program budget in the amount of $120,400.00.

   e. Sanofi-Aventis Pharmaceuticals for the project entitled Metabolic Syndrome, contracted in August 2005, for the program budget in the amount of $103,845.00.

9. Under the terms of the contract, Plaintiff is entitled to compensation as follows:

   a. $10,599.10 for Merck & Co., Inc. for the project entitled Osteoarthritis

   b. $10,815.80 for Merck & Co., Inc. for the project entitled Insomnia

    c. $35,000.00 for Eli Lily & Co. for the project entitled Breast Cancer

    d. $12,040.00 for University of North Texas Health Science Center for the project entitled Depression

    e. $10,384.50 for Sanofi-Aventis Pharmaceuticals for the project entitled Metabolic Syndrome.

10. Defendant NJAFP breached the contract with Plaintiff as they have failed, neglected and refused to pay Plaintiff his earned commission.

11. In April 2007, Merck & Co., Inc. cancelled the Projects with NJAFP and subsequently, in May 2007, NJAFP refunded the amount of $72,772.00 for the project Insomnia and in July 2007, NJAFP refunded the amount of $36,159.00 for the project Osteoarthritis.

12. Under the terms of the contract, Plaintiff was to be paid his contracted commission rate of 10% at the time the project is contracted and not at the time the funds are received by NJAFP.

13. Plaintiff has performed all duties required of him under the contract and despite the refunds NJAFP paid to Merck & Co., Inc. for their rescission of the projects, Plaintiff is entitled to be paid pursuant to the contract.

14. On April 17, 2007 and May 4, 2007, Plaintiff requested a full accounting of all projects Plaintiff was involved in from December 15, 2006 through March 18, 2007.

15. On May 7, 2007, Defendant replied that no monies were due Plaintiff as no revenue had been generated for the projects due to refunds on the projects and/or that the contracts were signed after the termination of the contract between Plaintiff and Defendant. (See Exhibit B attached hereto)

16. That the attached Affidavit from University of North Texas Health Science Center indicates that NJAFP was paid $120,400.00 and that the contract was signed in March 2007, before Plaintiff's contract with Defendant was terminated. (See Exhibit C attached hereto)

17. That the attached correspondence from Eli Lily & Co. indicates that NJAFP was paid approximately $350,000.00 and the contract was signed on February 26, 2007, before Plaintiff's contract was terminated. (See Exhibit D attached hereto)

WHEREFORE, Plaintiff JERRY L. PRICE prays unto this Honorable Court as follows:

A. For Judgment against the Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS for the sum of Seventy Eight Thousand Eight Hundred Thirty Nine Dollars and Forty Cents ($78,839.40)

B. For such other, further and different relief as this Court deems fair and just upon the premises.

## COUNT II
### (Breach of Oral Contract)

Now comes the Plaintiff, JERRY L. PRICE, (hereinafter referred to as "Plaintiff" or "Contractor") by and through his attorneys, Ronald L. Bell & Associates, P.C. and for complains against the Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, (hereinafter referred to as "Defendant" or "NJAFP")as follows:

1-4 Plaintiff realleges and incorporates by reference, paragraphs 1 through 4 of Count I as paragraphs 1 through 4 of Count II as though fully set forth herein.

5. That on or about September 7, 2006, during a meeting held in Chicago, NJAFP orally agreed to pay Plaintiff an additional 10% of the original budgets for any monies not spent other than what was originally budgeted.

6. In September 2006, as previously orally agreed by NJAFP, NJAFP paid an additional 10% for the project entitled Migraine in the amount of $14,500.00.

7. Pursuant to the terms of the oral agreement between the parties, Plaintiff was to receive additional compensation as follows:

   a. $4,300.00 for the project entitled Managing Insomnia

   b. $22,010.70 for the project entitled Pediatric Athsma

   c. $44,453.50 for the project entitled COPD (2005)

6

    d. $43,953.50 for the project entitled Restless Legs (2005)

    e. $47,569.00 for the project entitled Metabolic Syndrome

    f. $12,012.50 for the project entitled Influenza

    g. $12,312.50 for the project entitled Triglycerides

8. The estimated savings from the above mentioned projects amounted to $186,609.70 representing 10% of coming under the project amount.

9. Defendant NJAFP breached the oral contract with Plaintiff as they have failed, neglected and refused to pay Plaintiff his earned extra commission.

WHEREFORE, Plaintiff JERRY L. PRICE prays unto this Honorable Court as follows:

    A. For Judgment against the Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS for the sum of One Hundred Eighty Six Thousand Six Hundred Nine Dollars and Seventy Cents ($186,609.70)

    B. For such other, further and different relief as this Court deems fair and just upon the premises.

## COUNT III
### (Accounting)

Now comes the Plaintiff, JERRY L. PRICE, (hereinafter referred to as "Plaintiff" or "Contractor") by and through his attorneys, Ronald L. Bell & Associates, P.C. and for complains against the Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, (hereinafter referred to as "Defendant" or "NJAFP") as follows:

1-17 Plaintiff realleges and incorporates by reference, paragraphs 1 through 17 of Count I and paragraphs 1 though 9 of Count II as and for paragraphs 1 through 17 of Count III as though fully set forth herein.

18. On April 17, 2007 and May 4, 2007, Plaintiff requested a full accounting of all projects Plaintiff was involved in from December 15, 2006 through March 18, 2007.

19. On May 7, 2007, Defendant replied that no monies were due Plaintiff as no revenue had been generated for the projects due to refunds on the projects and/or that the contracts were signed after the termination of the contract between Plaintiff and Defendant. (Exhibit B attached hereto)

20. Defendant thus refused to provide an accounting as requested by Plaintiff.

21. That the contract between Plaintiff and Defendant was terminated on March 18, 2007.

22. That the attached Affidavit from University of North Texas Health Science Center indicates that NJAFP was paid $120,400.00 and that the contract was signed in March 2007, before Plaintiff's contract with Defendant was terminated. (Exhibit C attached hereto)

23. That the attached correspondence from Eli Lily & Co. indicates that NJAFP was paid approximately $350,000.00 and the contract was signed on February 26, 2007, before Plaintiff's contract was terminated. (Exhibit D attached hereto)

24. Plaintiff is due a full and complete audit on all monies from each of the following projects:
    a. Osteoarthritis
    b. Insomnia
    c. Breast Cancer
    d. Depression
    e. Metabolic Syndrome
    f. Managing Insomnia
    g. Pediatric Athsma
    h. COPD (2005)
    i. Restless Legs (2005)
    j. Influenza
    k. Triglycerides

WHEREFORE, Plaintiff JERRY L. PRICE prays unto this Honorable Court as follows:

A. Order a complete audit of the financials of Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS on the following projects:

1. Osteoarthritis
2. Insomnia
3. Breast Cancer
4. Depression
5. Metabolic Syndrome
6. Managing Insomnia
7. Pediatric Athsma
8. COPD (2005)
9. Restless Legs (2005)
10. Influenza
11. Triglycerides

B. For such other, further and different relief as this Court deems fair and just upon the premises.

                         Respectfully submitted,

                         **RONALD L. BELL & ASSOCIATES, P.C.**

                         s/ Ronald L. Bell

Ronald L. Bell & Associates, P.C.
Attorney for Plaintiff
1275 Barclay Blvd. Ste. 100
Buffalo Grove, IL 60089
847-495-6000
Atty No. 03126822