IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY L. PRICE<br>An Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 08 C 342 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| NEW JERSEY ACADEMY OF | ) | Magistrate Judge Susan E. Cox |
| FAMILY PHYSICIANS, INC., a | ) | |
| New Jersey Corporation | ) | |
| d/b/a New Jersey Academy of | ) | |
| Family Physicians, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant New Jersey Academy of Family of Physicians, Inc., a New Jersey

Corporation, d/b/a New Jersey Academy of Family Physicians ("New Jersey Academy" or

"Defendant"), by and through its undersigned counsel, hereby submits its Answer and

Affirmative Defenses to the Complaint filed by the Plaintiff Jerry L. Price ("Price" or "Plaintiff")

and in support thereof follows:

## ANSWER

## COUNT I

### (Breach of Written Contract)

### PARTIES

1.      Plaintiff JERRY L. PRICE is an Illinois resident, residing Buffalo Grove, Illinois.

**ANSWER:**    New Jersey Academy admits the allegations contained in Paragraph 1 of

the Complaint.

4702376.2

2.    Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC., is a New Jersey Non for Profit Corporation d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS having its principal place of business located in Trenton, New Jersey.

**ANSWER:**    New Jersey Academy admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.    This Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds $75,000.00 and is between citizens of different states.

**ANSWER:**    New Jersey Academy admits the allegations contained in Paragraph 3 of the Complaint.

4.    Venue is proper in this district under 28 U.S.C.A §1391(a)(2) and as a substantial part of the events or omissions giving rise to the claim occurred in Illinois.

**ANSWER:**    New Jersey Academy admits the allegations contained in Paragraph 4 of the Complaint.

5.    That on or about May 4, 2005, Plaintiff and Defendant entered into a written contract for professional services whereby Plaintiff would provide direction, project administration, contacts and to help secure funding for NJAFP's continuing medical educational programs through NJAFP Med-QI. (See Letter of Agreement executed May 4, 2005, attached hereto as Exhibit A).

**ANSWER:**    New Jersey Academy admits the allegations contained in Paragraph 5 of the Complaint.

6.      Under the terms of the contract, Defendant agreed to pay Plaintiff 10% (ten

percent) of the gross amount of CME (Continuing Medical Education) project revenue for those

projects administered by Contractor) and collected by NJAFP since the date of this agreement.

Payment will be issued upon submission of an invoice by Contractor and receipt of all necessary

completed documentation. (See Letter of Agreement executed May 4, 2005, attached hereto as

Exhibit A).

**ANSWER:**   New Jersey Academy admits the allegations contained in Paragraph 6 of

the Complaint, but denies any liability thereunder.

7.      Under the terms of the contract, Plaintiff was to be paid on the amounts received

and not the contract total price.

**ANSWER:**   New Jersey Academy admits the allegations contained in Paragraph 7 of

the Complaint.

8.      That between December 15, 2006 and March 2007, Plaintiff generated the

following contracts for NJAFP contracts for NJAFP:

   a) Merck & Co., Inc. for the project entitled Osteoarthritis, proposed in November

   2006, with the contract signed January 12, 2007, for the program budget in the

   amount of $105,991.10.

   b) Merck & Co., Inc. for the project entitled Insomnia, proposed in November 2006,

   with the contract signed January 12, 2007, for the program budget in the amount of

   $108,158.00.

c) Eli Lily & Co. for the project entitled Breast Cancer, proposed in November 2006, with the contract signed in February 2007, for the program budget in the amount of $350,000.00.

d) University of North Texas Health Science Center for the project entitled Depression, proposed on January 25, 2007, with the contract signed March 2007, for the program budget in the amount of $120,400.00.

e) Sanofi-Aventis Pharmaceuticals for the project entitled Metabolic Syndrome, contracted in August 2005, for the program budget in the amount of $103,845.00.

**ANSWER:** New Jersey Academy admits that under Paragraph 8 of the Complaint, the contracts described in subparagraphs (a), (b) and (c) were entered into by New Jersey Academy, but it denies there are any amount due and owing to Price thereunder under the terms of the May 4, 2004 agreement (the "Letter Agreement"). New Jersey Academy denies each and every allegation of Paragraph 8, subparagraph (d). New Jersey Academy admits that under Paragraph 8, subparagraph (e), contracts were entered into, but New Jersey Academy denies any liability thereunder.

9.    Under the terms of the contract, Plaintiff is entitled to compensation as follows:

a) $10,599.10 for Merck & Co., Inc. for the project entitled Osteoarthritis

b) $10,815.80 for Merck & Co., Inc. for the project entitled Insomnia

c) $35,000.00 for Eli Lily & Co. for the project entitled Breast Cancer

d) $12,040.00 for University of North Texas Health Science Center for the project entitled Depression

e) $10,384.50 for Sanofi-Aventis Pharmaceuticals for the project entitled Metabolic Syndrome.

4

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 9, and denies the allegations in subparagraphs (a), (b), (c), (d) and (e) of Paragraph 9 of the Complaint.

10.    Defendant NJAFP breached the contract with Plaintiff as they have failed, neglected and refused to pay Plaintiff his earned commission.

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 10 of the Complaint.

11.    In April 2007, Merck & Co., Inc. cancelled the Projects with NJAFP and subsequently, in May 2007, NJAFP refunded the amount of $72,772.00 for the project Insomnia and in July 2007, NJAFP refunded the amount of $36,159.00 for the project Osteoarthritis.

**ANSWER:**    New Jersey Academy admits the allegations of Paragraph 11 of the Complaint.

12.    Under the terms of the contract, Plaintiff was to be paid his contracted commission rate of 10% at the time the project is contracted and not at the time the funds are received by NJAFP.

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 12 of the Complaint.

13.    Plaintiff has performed all duties required of him under the contract and despite the refunds NJAFP paid to Merck & Co., Inc. for their rescission of the projects, Plaintiff is entitled to be paid pursuant to the contract.

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 13 of the Complaint.

14.    On April 17, 2007 and May 4, 2007, Plaintiff requested a full accounting of all projects Plaintiff was involved in from December 15, 2006 through March 18, 2007.

**ANSWER:**    New Jersey Academy admits the allegations of Paragraph 14 of the Complaint.

15.    On May 7, 2007, Defendant replied that no monies were due Plaintiff as no revenue had been generated for the projects due to refunds on the projects and/or that the contracts were signed after the termination of the contract between Plaintiff and Defendant. (See Exhibit B attached hereto).

**ANSWER:**    New Jersey Academy admits the allegations of Paragraph 15 of the Complaint.

16.    That the attached Affidavit from University of North Texas Health Science Center indicates that NJAFP was paid $120,400.00 and that the contract was signed in March 2007, before Plaintiff's contract with Defendant was terminated. (See Exhibit C attached hereto).

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 16 of the Complaint.  By way of further defense, the attached Affidavit states that the contract was entered into on April 16, 2007, after Price's termination.

17.    That the attached correspondence from Eli Lily & Co. indicates that NJAFP was paid approximately $350,000.00 and the contract was signed on February 26, 2007, before Plaintiff's contract was terminated. (See Exhibit D attached hereto).

**ANSWER:**    New Jersey Academy admits that under Paragraph 17 of the Complaint, the contract described therein was entered into by New Jersey Academy, but it denies there are any amount due and owing to Price thereunder under the terms of the Letter Agreement.

WHEREFORE, Defendant New Jersey Academy of Family of Physicians, Inc., a New Jersey Corporation, d/b/a New Jersey Academy of Family Physicians prays for Judgment in favor Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS and against the Plaintiff JERRY L. PRICE on Count I of the Complaint, that Defendant be awarded its attorneys fees and costs, and for such other and further relief this Court deems just and proper.

## COUNT II

### (Breach of Oral Contract)

1-4.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 4 of Count I as paragraphs 1 through 4 of Count II as though fully set forth herein.

**ANSWER:**    New Jersey Academy realleges and incorporates by this reference, its answers and responses to paragraphs 1 through 4 of Count I as paragraphs 1 through 4 of Count II, as though fully set forth herein.

5.    That on or about September 7, 2006, during a meeting held in Chicago, NJAFP orally agreed to pay Plaintiff an additional 10% of the original budgets for any monies not spent other than what was originally budgeted.

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 5 of the Complaint.

6.    In September 2006, as previously orally agreed by NJAFP, NJAFP paid an additional 10% for the project entitled Migraine in the amount of $14,500.00.

**ANSWER:**    New Jersey Academy denies the allegation of Paragraph 6 of the Complaint that there was an oral contract between the parties. New Jersey Academy admits that it paid Price an additional commission solely for the Migraine project.

7.     Pursuant to the terms of the oral agreement between the parties, Plaintiff was to receive additional compensation as follows:

    a)  $4,300.00 for the project entitled Managing Insomnia

    b)  $22,010.70 for the project entitled Pediatric Asthma

    c)  $44,453.50 for the project entitled COPD (2005)

    d)  $43,953.50 for the project entitled Restless Legs (2005)

    e)  $47,569.00 for the project entitled Metabolic Syndrome

    f)  $12,012.50 for the project entitled Influenza

    g)  $12,312.50 for the project entitled Triglycerides

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 7 of the Complaint, and denies the allegations of subparagraphs (a), (b), (c), (d), (e) and (g) of Paragraph 7 of the Complaint.

8.     The estimated savings from the above mentioned projects amounted to $186,609.70 representing 10% of coming under the project amount.

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 8 of the Complaint.

9.     Defendant NJAFP breached the oral contract with Plaintiff as they have failed, neglected and refused to pay Plaintiff his earned extra commission.

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 9 of the Complaint.

WHEREFORE, Defendant New Jersey Academy of Family of Physicians, Inc., a New Jersey Corporation, d/b/a New Jersey Academy of Family Physicians prays for Judgment in favor Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW

JERSEY ACADEMY OF FAMILY PHYSICIANS and against the Plaintiff JERRY L. PRICE

on Count II of the Complaint, that Defendant be awarded its attorneys fees and costs, and for

such other and further relief this Court deems just and proper.

## COUNT III

### (Accounting)

1-17.  Plaintiff realleges and incorporates by reference, paragraphs 1 through 17 of

Count I and paragraphs 1 though 9 of Count II as and for paragraphs 1 through 17 of Count III as

though fully set forth herein.

**ANSWER:**   New Jersey Academy realleges and incorporates by reference its answers

and responses to paragraphs 1 through 17 of Count I and its answers and responses to paragraphs

1 through 9 of Count II as and for paragraphs 1 through 17 of Count III, as though fully set forth

herein.

18.    On April 17, 2007 and May 4, 2007, Plaintiff requested a full accounting of all

projects Plaintiff was involved in from December 15, 2006 through March 18, 2007.

**ANSWER:**   New Jersey Academy admits the allegations of Paragraph 18 of the

Complaint.

19.    On May 7, 2007, Defendant replied that no monies were due Plaintiff as no

revenue had been generated for the projects due to refunds on the projects and/or that the

contracts were signed after the termination of the contract between Plaintiff and Defendant.

(Exhibit B attached hereto)

**ANSWER:**   New Jersey Academy admits the allegations of Paragraph 19 of the

Complaint.

20.    Defendant thus refused to provide an accounting as requested by Plaintiff

**ANSWER:** New Jersey Academy admits the allegations of Paragraph 20 of the Complaint.

21. That the contract between Plaintiff and Defendant was terminated on March 18, 2007.

**ANSWER:** New Jersey Academy admits the allegations of Paragraph 21 of the Complaint.

22. That the attached Affidavit from University of North Texas Health Science Center indicates that NJAFP was paid $120,400.00 and that the contract was signed in March 2007, before Plaintiff's contract with Defendant was terminated. (Exhibit C attached hereto)

**ANSWER:** New Jersey Academy denies each and every the allegation of Paragraph 22 of the Complaint. By way of further defense, Price misrepresents to this Court the contents of the Affidavit in that it states the contract was signed on April 16, 2007, not March 2007, as alleged in Paragraph 22.

23. That the attached correspondence from Eli Lily & Co. indicates that NJAFP was paid approximately $350,000.00 and the contract was signed on February 26, 2007, before Plaintiff's contract was terminated. (Exhibit D attached hereto)

**ANSWER:** New Jersey Academy denies the allegations of Paragraph 23 of the Complaint.

24. Plaintiff is due a full and complete audit on all monies from each of the following projects:

   a) Osteoarthritis

   b) Insomnia

   c) Breast Cancer

d) Depression

e) Metabolic Syndrome

f) Managing Insomnia

g) Pediatric Athsma

h) COPD (2005)

i) Restless Legs (2005)

j) Influenza

k) Triglycerides

**ANSWER:**    New Jersey Academy denies each and every allegation of Paragraph 24 of the Complaint, and denies the allegations of subparagraphs (a), (b), (c), (d), (e), (g), (h), (i), (j) and (k) of Paragraph 24 the Complaint.

WHEREFORE,  Defendant New Jersey Academy of Family of Physicians, Inc., a New Jersey Corporation, d/b/a New Jersey Academy of Family Physicians prays for Judgment in favor Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS and against the Plaintiff JERRY L. PRICE on Count II of the Complaint, that Defendant be awarded its attorneys fees and costs, and for such other and further relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.      Counts I, II and III of the Complaint do not state a cause of action upon which relief could be granted.

11

## SECOND AFFIRMATIVE DEFENSE

2.     Price has been paid in full under the terms of the Letter Agreement. Consequently, Price's claim is barred by payment.

## THIRD AFFIRMATIVE DEFENSE

3.     During the dates alleged in the Complaint, New Jersey Academy has made numerous payments to Price.    Consequently, Price's claim is barred by the doctrine of satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

4.     Price cannot prove the elements of a breach of contract.

## FIFTH AFFIRMATIVE DEFENSE

5.     The terms of the Letter Agreement itself bar Price's contract claims.  The Letter Agreement requires in Paragraph 4 that the commission will be paid "for those projects administered by Contractor and collected by NJAFP since the dated of this agreement." Exhibit A.  The claims made by Price for commissions were for projects he did not administer and/or where New Jersey Academy did not collect the funds while Price was under contract. Consequently, the unambiguous terms of the contract bar Price's claims.

## SIXTH AFFIRMATIVE DEFENSE

6.     Price failed to perform under the Letter Agreement and therefore cannot recover.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Price cannot prove that there was an oral contract in contraction to the Letter Agreement by clear and convincing evidence.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Price is not entitled to an accounting because he has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

9.    New Jersey Academy is entitled to a set-off for project funds it was forced to return upon which Price took a commission.

WHEREFORE,  Defendant New Jersey Academy of Family of Physicians, Inc., a New Jersey Corporation, d/b/a New Jersey Academy of Family Physicians prays for Judgment in favor Defendant, NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC. d/b/a NEW JERSEY ACADEMY OF FAMILY PHYSICIANS and against the Plaintiff JERRY L. PRICE on Counts I, II and III of the Complaint, that Defendant be awarded its attorneys fees and costs, and for such other and further relief this Court deems just and proper.

Respectfully Submitted,

Dated: March 14, 2008

**NEW JERSEY ACADEMY OF FAMILY PHYSICIANS, INC.,**

By:__/s/ Lauren Newman_____
    One of Its Attorneys

Lauren Newman (Atty No. 6188355)
Thompson Coburn Fagel Haber
55 East Monroe Street, 40th Floor
Chicago, IL 60603
Telephone No.: (312) 346-7500
Facsimile No.: (312)580-2201

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to F.R.C.P. 5(b)(2)(D), a copy of the forgoing Answer and Affirmative Defenses was served by electronic means on March 14, 2008, through this Court's CM/ECF system on the following registered user:

Ronald L. Bell
Rondal L. Bell & Associates, P.C.
1275 Barclay Blvd., Suite 100
Buffalo Grove, IL 60089

       /s/ Lauren Newman
       Counsel for Defendant

14