**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JERRY L. PRICE, | ) | |
| an Individual | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 08 C 342 |
| | ) | |
| NEW JERSEY ACADEMY OF FAMILY | ) | Judge George M. Marovich |
| PHYSICIANS, INC., a New Jersey Corporation | ) | |
| d/b/a NEW JERSEY ACADEMY OF FAMILY | ) | Magistrate Judge Susan E. Cox |
| PHYSICIANS | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES**

Now comes the Plaintiff, JERRY L. PRICE, by and through his attorneys, Ronald L. Bell &

Associates, P.C. and for his Answer to the Defendants' Affirmative Defenses, respectfully states as

follows:

**ANSWER TO FIRST AFFIRMATIVE DEFENSE**

1.      Counts I, II and III of the Complaint do not state a cause of action upon which relief

could be granted.

ANSWER:        Plaintiff denies Defendants' First Affirmative Defense.

**SECOND AFFIRMATIVE DEFENSE**

2.      Price has been paid in full under the terms of the Letter Agreement. Consequently,

Price's claim is barred by payment.

ANSWER:        Plaintiff denies Defendants' Second Affirmative Defense.

## ANSWER TO THIRD AFFIRMATIVE DEFENSE

3.      During the dates alleged in the Complaint, New Jersey Academy has made numerous

payments to Price. Consequently, Price's claim is barred by the doctrine of satisfaction.


ANSWER:        Plaintiff denies Defendants' Third Affirmative Defense.


## ANSWER TO FOURTH AFFIRMATIVE DEFENSE

4.      Price cannot prove the elements of a breach of contract.


ANSWER:        Plaintiff denies Defendants' Fourth Affirmative Defense.


## ANSWER TO FIFTH AFFIRMATIVE DEFENSE

5.      The terms of the Letter Agreement itself bar Price's contract claims. The Letter

Agreement requires in Paragraph 4 that the commission will be paid "for those projects

administered by Contractor and collected by NJAFP since the dated of this agreement."

Exhibit A. The claims made by Price for commissions were for projects he did not

administer and/or where New Jersey Academy did not collect the funds while Price was

under contract. Consequently, the unambiguous terms of the contract bar Price's claims.


ANSWER:        Plaintiff denies Defendants' Fifth Affirmative Defense.

## ANSWER TO SIXTH AFFIRMATIVE DEFENSE

6.      Price failed to perform under the Letter Agreement and therefore cannot recover.


ANSWER:        Plaintiff denies Defendants' Sixth Affirmative Defense.


## ANSWER TO SEVENTH AFFIRMATIVE DEFENSE

7.      Price cannot prove that there was an oral contract in contraction to the Letter Agreement

by clear and convincing evidence.


ANSWER:        Plaintiff denies Defendants' Seventh Affirmative Defense.


## ANSWER TO EIGHTH AFFIRMATIVE DEFENSE

8.      Price is not entitled to an accounting because he has an adequate remedy at law.


ANSWER:        Plaintiff denies Defendants' Eighth Affirmative Defense.


## ANSWER TO NINTH AFFIRMATIVE DEFENSE

9.      New Jersey Academy is entitled to a set-off for project funds it was forced to return

upon which Price took a commission.


ANSWER:        Plaintiff denies Defendants' Ninth Affirmative Defense.

WHEREFORE, Plaintiff respectfully prays as follows:

A.  Deny the relief sought by the Defendants;

B.  For such other, further and different relief as this Court deems fair and just upon the

premises.

Respectfully submitted,

**RONALD L. BELL & ASSOCIATES, P.C.**

/s/ Ronald L. Bell

Ronald L. Bell & Associates, P.C.Attorney for Plaintiff
1275 Barclay Blvd. Ste. 100
Buffalo Grove, IL 60089
847-495-6000
Atty No. 03126822