IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY L. PRICE,<br>an Individual<br>　　　　　　　　Plaintiff,<br>vs.<br><br>NEW JERSEY ACADEMY OF FAMILY<br>PHYSICIANS, INC., a New Jersey Corporation<br>d/b/a NEW JERSEY ACADEMY OF FAMILY<br>PHYSICIANS<br>　　　　　　　　Defendants. | )<br>)<br>)<br>) No. 08 C 00342<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT OF PROCEEDINGS

A.　　This matter is set for Status hearing on May 13, 2008 at 11:00 a.m. before the Honorable Judge Marovich.

B.　　<u>Attorneys of Record:</u>

Plaintiff's Attorney:　　Ronald L. Bell
　　　　　　　　　　　　Ronald L. Bell & Associates, P.C.
　　　　　　　　　　　　1275 Barclay Blvd., Ste,. 100
　　　　　　　　　　　　Buffalo Grove, IL 60089

Defendant's Attorney:　　Lauren Newman
　　　　　　　　　　　　Thompson Coburn Fagel Haber
　　　　　　　　　　　　55 E. Monroe St., 40th Fl.
　　　　　　　　　　　　Chicago, IL 60603

C.　　The Northern District of Illinois has diversity jurisdiction over this action under 28 U.S.C. §1332(a)(1).

D.　　No jury demand has been requested by either party.

E.　　The nature of the matter is breach of written contract, breach of oral agreement, and accounting.

<u>Plaintiff's case</u>: Plaintiff's position is that monies are due Plaintiff pursuant to the May 4, 2005 contract. Plaintiff provided direction, project administration, contacts, and secured funding for Defendants' continuing medical educational programs, for which Defendant received monies from

1

various companies. Plaintiff was to be paid the contracted price of 10% of the gross amount of project revenue for those projects. Plaintiff was to be paid on the amounts received and not the contract total price. Defendant breached the contract by failing to pay Plaintiff his commission on certain contracts Plaintiff generated for Defendant. Additionally, Defendant orally agreed to pay Plaintiff an additional 10% of the original budgets for any monies not spent other than what was originally budgeted. Defendant breached the oral contract by failing to pay Plaintiff his earned extra commission. Plaintiff had requested a true and complete accounting for all projects and Defendant has refused to provide same. Plaintiff is entitled to an accounting of all projects.

<u>Defendant's case</u>: Defendant's position is that no monies are due to the Plaintiff from the Defendant. The May 1, 2005, letter of agreement (the "Contract") between the parties was terminated at the end of March, 2007, and all monies due under the Contract have been paid to Plaintiff. The terms of the Contract specifically limit the Plaintiff's commission to ten percent (10%) of the gross amount of project revenue for those projects both administered by Plaintiff and collected by Defendant. Plaintiff has therefore received all commissions due under the terms of the Contract. Defendant denies that there was an additional oral contract or modification of the existing Contract between the parties, as alleged in Count II of the Complaint, since the Contract itself states that any modifications of the existing Contract must be in writing and, more importantly, Defendant never agreed to a modification of the Contract. Finally, Defendant denies that Plaintiff is entitled to an accounting as claimed in Count III in that Plaintiff has an adequate remedy at law.

Plaintiff disputes Defendant's position.

F. The relief sought by Plaintiff is $78,839.40 representing monies due Plaintiff under the written contract and an additional $186,609.70 representing monies due Plaintiff pursuant to the terms of the oral agreement between the parties. Defendant denies that any monies are due to Plaintiff.

G.    Service was made upon the Defendant's Vice President, Ray Saputelli via certified return receipt mail enclosing the Complaint and Waiver of Service of Summons, for which the Waiver was returned as executed and the Defendant's attorneys filed their appearance.

H.    Plaintiff can not anticipate what, if any, motions will be necessary at this time. Defendant anticipates filing a Motion for Summary Judgment against the Plaintiff after conducting discovery.

I.    <u>Plaintiff's Discovery:</u>  Plaintiff has issued Interrogatories and Request for Production to Defendant via U.S. Mail. Plaintiff has issued Subpoenas to the following persons to determine the amounts paid to Defendant for the projects Plaintiff worked on:

1. Robert L. Meinzer
   1600 Lake Johanna Blvd.
   Arden Hills, MN 55112

2. Andrew Crim
   University of North Texas
   Health Science Center at Fort Worth
   Office of Professional and Continuing Education
   3500 Camp Bowie Blvd.
   Fort Worth, TX 76107

3. Elana Schifando, DO
   Director of Medical Education
   Sanofi Aventis
   300 Somerset Corp. Blvd., SC 3-435A
   Bridgewater, NJ 08807

4. Bruce Nzerem
   General Manager, Academic & Professional Affairs
   Marck & Co.
   351 N. Sumneytown Pike
   North Wales, PA 19454

5. Mary Herold
   Associate Financial Consultant
   Eli Lilly & Company
   Lilly Corporate Center

Indianapolis, IN 46285

<u>Defendant's Discovery:</u>  Defendant will send Interrogatories, Requests for Production of Documents and Requests for Admissions.  In addition to written discovery, the Defendant plans on deposing the following:

1. Jerry L. Price
   761 Shady Grove Lane
   Buffalo Grove, IL 60089

2. Robert L. Meinzer
   1600 Lake Johanna Blvd.
   Arden Hills, MN 55112

3. Other persons with knowledge of the facts derived from written discovery.

J.   The earliest date the parties would be ready for trial will be dependant on receipt of the materials requested in discovery.

K.   To date there have been no settlement discussions between the parties.

L.   Plaintiff and Defendant consent to having this matter heard by the Magistrate Judge.

Respectfully submitted,

/s/   Ronald L. Bell                                    /s/      Lauren Newman

Ronald L. Bell                                          Lauren Newman
Ronald L. Bell & Associates, P.C.                       Thompson Coburn Fagel Haber
Attorneys for Plaintiff                                 Attorneys for Defendant
1275 Barclay Blvd. Ste. 100                             55 E. Monroe St., 40th Fl.
Buffalo Grove, IL 60089                                 Chicago, IL 60603
847-495-6000                                            312-346-7500
Atty No. 03126822                                       Attorney No. 6188355

4733439_1